# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-08V
**Filed: March 29, 2021**
UNPUBLISHED

| | |
|---|---|
| BETTY DUESTERHEFT, as Personal Representative of the ESTATE OF RONNIE DUESTERHEFT, deceased, <br><br>  Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>  Respondent. | Special Master Horner <br><br> Petitioner's Motion for Decision Dismissing Petition; Shoulder Injury Related to Vaccine Administration; SIRVA; Influenza (flu) Vaccine; Onset |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION[1]

On January 2, 2018, Ronnie Duesterheft filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that as a result of an influenza ("flu") vaccination that he received on September 23, 2015, he suffered a right shoulder injury. (ECF No. 1.) On November 8, 2020, Betty Duesterheft was substituted as petitioner in her capacity as personal representative of Mr. Duesterheft's estate. (ECF No. 28.)

On July 20, 2020, petitioner moved for a finding of fact regarding the onset of the alleged injury, requesting a finding that onset of Mr. Duesterheft's shoulder pain occurred within 48 hours of the vaccination at issue. (ECF No. 35.) This case was

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

1

reassigned to my docket on January 28, 2021.  (ECF No. 40.)  I issued a Finding of Fact on February 24, 2021, finding that there is not preponderant evidence that Mr. Duesterheft's shoulder pain began within 48 hours of his September 23, 2015 flu vaccination.  (ECF No. 43.)

On March 26, 2021, petitioner filed a Motion for a Decision Dismissing her Petition.  (ECF No. 47.)  Petitioner indicated that in light of my Finding of Fact that Mr. Duesterheft's injuries "were incompatible with a Table Injury of SIRVA," and therefore, "[u]nder these circumstances, to proceed further would be unreasonable, and would waste the resources of this Court, Respondent, and the Vaccine Program."  (*Id.* at 2.)  Petitioner further stated that "[p]etitioner understands that a decision by the Special Master dismissing her petition will result in a judgment against her and that such a judgment will end all of her rights in the Vaccine Program.  Petitioner understands that she may apply for costs once her case is dismissed and judgment is entered against her."  (*Id.*)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that Mr. Duesterheft suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

As discussed in my Finding of Fact, Mr. Duesterheft's medical records do not support petitioner's allegations of a Table injury by a preponderance of the evidence and she did not otherwise establish a causation in fact claim.   (ECF No. 43.)  Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

        **s/Daniel T. Horner**
Daniel T. Horner
Special Master